FILED
2015 Oct-21  AM 10:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEBORAH ELAINE GRIFFIE,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2:14-CV-1991-CLS** |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Deborah Elaine Griffie, commenced this action on October 16, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the opinion of her treating nurse practitioner and improperly applied the Eleventh Circuit's standard for evaluating subjective complaints of pain. Upon review of the record, the court concludes that these contentions lack merit, and the Commissioner's ruling is due to be affirmed.

**A.      Treating Nurse Practitioner**

Janet McCary, CRNP, claimant's treating nurse practitioner at Cooper Green Clinic, completed a Physical Capacities Evaluation form on November 14, 2011. She indicated that claimant could lift and/or carry ten pounds occasionally or less frequently. She could sit for a total of two hours during an eight-hour work day, but she could not stand or walk at all. Claimant could frequently perform fine manipulation, but could only occasionally push, pull, climb, balance, perform gross manipulation, bend, stoop, and reach. She could not operate motor vehicles or work around hazardous machinery, dust, allergens, or fumes.[1]

Ms. McCary also completed a Clinical Assessment of Pain form on November 15, 2011. She indicated that pain was present for claimant, but did not prevent functioning in everyday activities or work. Physical activity would greatly increase claimant's pain to such a degree as to cause distraction from or total abandonment of

---

[1] Tr. 302.

tasks.  Medication side effects were not an issue because claimant did not take any medications due to a fear of not waking up.  Ms. McCary did not respond either "yes" or "no" to the question "Does this patient have an underlying medical condition consistent with the pain he or she experiences?"  Instead, she made a handwritten notation that claimant had bilateral low back and knee pain.[2]

Finally, Ms. McCary completed a Clinical Assessment of Fatigue/Weakness form on November 15, 2011.  She indicated that claimant experienced fatigue and/or weakness to such an extent as to negatively affect the adequate performance of daily activities or work.  Physical activity would greatly increase claimant's fatigue and/or weakness to such a degree as to cause total abandonment of tasks.  Once again, Ms. McCary noted that medication side effects were not an issue because claimant was not taking any medications due to a fear of not waking up.  Ms. McCary indicated that claimant did have an underlying medical condition consistent with the fatigue and/or weakness she experienced.  She wrote that those conditions included anxiety, paranoia, and major depressive disorder, and she noted that claimant had been referred to psychiatry and had her first appointment with a clinical social worker two days later, on November 17.[3]

The ALJ afforded Ms. McCary's opinion, which would have supported a

---

[2] Tr. 303-04.

[3] Tr. 305-06.

3

finding of disabling limitations, only little weight.  She reasoned:

> Ms. McCary's statement is internally inconsistent as she opined the claimant had had pain but the pain did not prevent functioning in everyday activities or work . . . .  She then opined physical activity greatly increased pain to such a degree as to cause distraction from tasks or total abandonment of tasks . . . .  However, Ms. McCary failed to provide any diagnosis that would reasonably cause the claimant's pain . . . .  Additionally, the claimant takes no pain medication . . . .  Finally, she reported the claimant experienced fatigue and weakness that would cause abandonment of tasks . . . .  Ms. McCary based the claimant's fatigue on her mental health complaints but the claimant had not received any treatment for her mental impairments at the time of her opinion . . . .  Accordingly, there is no support other than the claimant's subjective complaints for the extreme limitations provided by Ms. McCary and little weight is given to her opinion.[4]

Claimant asserts that it was improper for the ALJ to reject Ms. McCary's opinion in that manner because Ms. McCary was a treating provider.  It is true that the opinion of a treating *physician* "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted).  Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. (alterations supplied).  Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work,

---

[4] Tr. 28 (citations to the administrative record omitted).

4

because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner."  20 C.F.R. §§ 404.1527(d), 416.927(d).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate:  the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. §§ 404.1527(c), 404.927(c).  *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Ms. McCary, however, is not a physician; she is a nurse practitioner.  Even though such professionals are permitted to treat patients with only remote supervisory care from a licensed physician, the Social Security Administration does not afford them the same status as physicians when it comes to offering medical opinions about a claimant's functional abilities.  To evaluate whether a claimant has a "medically determinable impairment," Social Security regulations require evidence from

"acceptable medical sources," including physicians, psychologists, optometrists, podiatrists, and speech pathologists. 20 C.F.R. §§ 404.1513(a), 416.913(a). The regulations also permit consideration of "evidence from other sources to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work." 20 C.F.R. §§ 404.1513(d), 416.913(d) (alterations supplied). "Other sources" include nurse practitioners. 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). Even though the opinions of "other sources" may be considered, they are not entitled to the same weight as the opinions of "acceptable medical sources." *See* 20 C.F.R. §§ 404.1527, 416.927. Similarly, an ALJ does not have to demonstrate "good cause" in order to reject the opinion of a treating nurse practitioner, as she would for the opinion of a treating physician.

Even if Ms. McCary's opinion had been entitled to the same consideration as the opinion of a treating physician, the ALJ properly considered it. Claimant asserts that the ALJ "never mentions nor addresses the weight to be given the PCE completed by Ms. McCary."[5] That assertion simply is not supported by the record, as the ALJ explicitly stated that she had afforded Ms. McCary's opinion little weight.[6] The ALJ also adequately explained the reasons for that decision. She reasoned that Ms. McCary's opinion was internally inconsistent, inconsistent with claimant's relatively

---

[5] Doc. no. 12 (claimant's brief), at 9.

[6] Tr. 28.

6

conservative treatment history, and unsupported by the medical evidence of record. Those all were permissible considerations, *see Phillips*, 357 F.3d at 1240-41, and they were supported by substantial evidence.

Claimant also asserts that the ALJ was "not free to dismiss Ms. McCary's opinion out of hand," and that the ALJ instead had an obligation to recontact Ms. McCary to clarify her opinion.[7]  Claimant relies on Social Security Ruling 96-5p, which states, in pertinent part, that "[f]or treating sources, the rules also require that we make every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and *the bases for such opinions are not clear to us*."  SSR 96-5p (alteration and emphasis supplied).  There is no indication that the ALJ found Ms. McCary's assessment to be *unclear*; instead, the ALJ concluded that the assessment was internally inconsistent and  unsupported by the record.  There was therefore no need for the ALJ to recontact Ms. McCary for any further explanation.  *See Shaw v. Astrue,* 392 F. App'x 684, 688-89 (11th Cir. 2010).

## B.    Pain

Claimant also asserts that the ALJ improperly considered her complaints of subjective symptoms.  To demonstrate that pain or another subjective symptom renders her disabled, a claimant must "produce 'evidence of an underlying medical

---

[7] Doc. no. 9 (claimant's brief), at 10.

condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits subjective testimony of pain or other symptoms, "[s]he must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)) (alteration supplied).

The ALJ in the present case properly applied these legal principles.  She found that claimant's medically determinable impairments could reasonably have been expected to produce the symptoms claimant alleged, but that claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible.[8]  This conclusion was in accordance with applicable law.  *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).

The ALJ also adequately articulated reasons to support her findings.  She

[8] Tr. 25.

reasoned that the record did not "reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled" as a result of her asthma or mental impairments.[9]  She also noted that claimant was non-complaint with her prescribed asthma treatment, gave only a broad description of her mental and emotional symptoms, attended mental health counseling for only a short period of time, did not take her mental health medications as prescribed, and performed "a wide range of activities of daily living . . . ."[10]  Those observations were supported by substantial evidence.

**C.     Conclusion and Order**

Consistent with the foregoing, the court concludes that the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 21st day of October, 2015.

_____
United States District Judge

---

[9] Tr. 25-26.

[10] Tr. 26-27.